FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 DEC 12  PM 12: 17

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON URBANSKI,<br><br>Defendant. | 8:25CR133<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Lesley A. Woods, United States Attorney and Kimberly C. Bunjer, Assistant United States Attorney, and defendant, Aaron Urbanksi, and David A. Domina, counsel for defendant, as follows:

I

## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to an Information. Count I charges a violation of Title 18, United States Code, Section 111(a)(1).

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States will move to dismiss Count II at the time of sentencing.

II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.   Defendant knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with federal law enforcement.

2.   The federal law enforcement officers were engaged in the performance of their official duties at the time.

1

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

On Tuesday, June 10, 2025, Special Agents and Immigration Officers encountered individuals at Glenn Valley Foods, located at 6824 J Street, Omaha, Nebraska, during the execution of a civil search warrant.

After the HSI Special Agents completed the identification and alienage determinations for all employees, the law enforcement personnel began to leave the area. As they were departing, a law enforcement vehicle driven by a Deputy United States Marshal (DUSM), along with two other DUSMs, tried to head eastbound on J Street. Several members of the public attempted to block the vehicle's movement by standing directly in front of it and moving in its path as it tried to maneuver around them. One of these individuals was later identified as Aaron J. Urbanski (Urbanski). He was recognized from a driver's license photo after being seen operating a black pickup truck with Nebraska registration "F3RAL," of which he is the registered owner.

Urbanski, along with several others, climbed onto the hood of the DUSMs' vehicle. The DUSMs stopped the vehicle and exited in an attempt to remove them. Urbanski then jumped off the vehicle and continued shouting at the DUSMs. He moved to the north side of J Street and jumped onto the hood of an HSI law enforcement vehicle. The HSI Special Agent had to come to a stop because Urbanski was standing in front of her vehicle and refused to move. As the DUSMs approached him, Urbanski jumped off the HSI vehicle and walked to the rear of it, where he kicked the vehicle, causing a dent in the rear hatch door.

Urbanski eventually began walking west toward the other law enforcement officers who were exiting the scene. At that time, he entered the driver's seat of his black pickup truck, which had Nebraska registration "F3RAL." Special Agent Temperly observed Urbanski driving the pickup toward the line of law enforcement as they were leaving the area.

While exiting the parking lot of the business, SA Temperly saw Urbanski accelerate his vehicle toward the front of his law enforcement car, blocking his path and causing him to come to a stop. SA Temperly activated his emergency lights and siren to alert Urbanski and to instruct him to move out of the area. Despite this, Urbanski continued to accelerate the pickup toward SA Temperly's vehicle, further obstructing his ability to move.

SA Temperly kept his emergency lights and siren activated. Ultimately, he was able to maneuver his vehicle in front of Urbanski and drive past. Urbanski's conduct caused property damage to the government vehicle in the amount of $795.00.

## III

## PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum of 1 year in prison; and a mandatory minimum
2. A maximum $100,000 fine;
3. A mandatory special assessment of $25 per count; and
4. A term of supervised release of one year. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that Base Offense Level 10 applies, pursuant to U.S.S.G. § ~~2L1.2(a)~~. 2A2.4 KCB

      2.      The parties agree that restitution in the amount of $795.00 is due and payable to the US District Court Clerk. Court-imposed monetary penalties are due and payable immediately.

B.    ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of Property seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.    ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

    (c) A right to file a motion under Section 3582(c)(1)(A);

        1. the general right to file a compassionate release motion;

        2. the right to file a second or successive such motion; or

        3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

5

      (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

      If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

      Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

      In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

      A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

      B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $25 for each misdemeanor count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

12/12/25
Date

KIMBERLY C. BUNJER
ASSISTANT U.S. ATTORNEY

12/04/2025
Date

AARON URBANSKI
DEFENDANT

December 4, 2025
Date

DAVID A. DOMINA
COUNSEL FOR DEFENDANT

8